**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO:**

MALLELA CELIS ESCOBAR LAPORTA,

      Plaintiff(s),

      v.

BISCAYNE NAILS & SPA, INC.,

      Defendants.

                                /

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Plaintiff, MALLELA CELIS ESCOBAR LAPORTA ("Plaintiff" or "Laporta"), pursuant to *29 U.S.C. § 216(b)*, files the following Complaint against Defendant, BISCAYNE NAILS & SPA, INC., ("BNS" or "Defendant"), on behalf of herself, and alleges as follows:

## INTRODUCTION

1.      Defendant unlawfully deprived Plaintiff of overtime wages during the course of her employment by unlawfully misclassifying Plaintiff as an independent contractor.  This is an action arising under the Fair Labor Standards Act ("FLSA"), pursuant to *29 U.S.C. §§ 201–216*, to recover all wages owed to Plaintiff during the course of her employment.

## PARTIES

2.      During all times material hereto, Plaintiff was a resident of Miami Dade County, Florida, over the age of 18 years, and otherwise *sui juris*.

3.      During all times material hereto, Defendant, was a Florida for-Profit Corporation operating its business at 17931 Biscayne Blvd, Aventura, Florida 33160, and licensed to transact business in Florida within the jurisdiction of this Honorable Court.

4.       Defendant was Plaintiff's employer, as defined by *29 U.S.C. § 203(d)*, during all times pertinent to the allegations herein.

## JURISDICTION AND VENUE

5.       All acts and omissions giving rise to this dispute took place within Aventura, Florida, within the jurisdiction of this Honorable Court.

6.       Defendant regularly transacts business in Miami Dade County, Florida, and jurisdiction is therefore proper within the Southern District of Florida pursuant to *29 U.S.C. § 216(b)* and *28 U.S.C. §§ 1331* and *1337*.

7.       Venue is also proper within the Southern District of Florida pursuant to *29 U.S.C. § 216(b)* and *28 U.S.C. § 1391(b)*.

## GENERAL ALLEGATIONS

8.       Defendant is a full-service nail salon that sells and provides a wide range of nail & beauty care services including manicure and pedicure, waxing, facial and more. Defendant also provides its customers with nail care, foot reflexology, and facial and waxing spa salon services.

9.       Defendant employs at least two or more individuals to provide such nail care, foot reflexology, facial and waxing spa salon services to customers within Aventura and the surrounding area.

## FLSA COVERAGE

10.       Defendant is covered under the FLSA through enterprise coverage, as Defendant was engaged in interstate commerce during all pertinent times in which Plaintiff was employed. More specifically, Defendant's business and Plaintiff's work for affected interstate commerce because the goods and materials Plaintiff and other employees used and/or handled on a constant and/or continuous basis moved through interstate commerce prior to or subsequent to Plaintiff's

use of the same.  Accordingly, Defendant was engaged in interstate commerce pursuant to *29 U.S.C. § 203(s)(1)(A)*.

11.     During her employment with Defendant, Plaintiff, and multiple other employees, handled and worked with various good and/or materials that have moved through interstate commerce, including, but not limited to the following: reception desks, retail displays, waiting chairs, stools, manicure tables, pedicure chairs, beauty stools, beauty carts, salon chairs, mirrors, lamps, nail files, cuticle pushers, cuticle nippers, nail buffers, nail brushes, toenail scissors, nail cleaners, nail polish, drying lamps, acrylic powders, acrylic brushes, hard gels, nail polish removers, hairstyling products, exfoliation products, moisturizing productions, pens, notebooks, notepads, etc.

12.     Defendant regularly employed two (2) or more employees for the relevant time period, and these employees handled goods or materials similar to those goods and materials handled by Plaintiff, thus making Defendant's business an enterprise covered by the FLSA.

13.     Defendant has grossed in excess of $500,000.00 in 2020 and 2021, and is expected to gross in excess of $500,000.00 in 2022.

14.     During all material times hereto, Plaintiff was a non-exempt employee of Defendant within the meaning of the FLSA.

15.     During this time period, Plaintiff (i) did not have supervisory authority over any individuals; (ii) did not make any decisions of importance on behalf of Defendant; and (iii) was not required to possess any advanced training, skill, or prolonged education in order to perform any of her primary duties and responsibilities.

16.     Moreover, the economic realities of Plaintiff's work for Defendant rendered Plaintiff an employee and not an independent contractor.  Defendant provided Plaintiff equipment

and tools to perform receptionist work, Defendant provided and required Plaintiff and other similar employees to wear a uniform so that customers could identify them as employees, Defendant controlled and directed the work performed by Plaintiff, Defendant set Plaintiff's work hours and responsibilities, and Plaintiff relied upon Defendant for her employment and work and was not free to actively work elsewhere during the time periods that Defendant scheduled her to work.

**PLAINTIFF'S WORK FOR DEFENDANT**

17.     On or about August 15, 2021, Defendant hired Plaintiff to work for it as a receptionist.

18.     After hiring Plaintiff, Defendant intentionally misclassified Plaintiff as an independent contractor so it could avoid having to pay overtime wages and federal taxes to the Internal Revenue Service ("IRS").

19.     Defendant paid Plaintiff a weekly salary that was subject to reduction (and often reduced) based upon the quantity or quality of her work.

20.     During her employment period, Plaintiff regularly worked in excess of forty (40) hours per week but was not properly compensated in accordance with the FLSA in one or more workweeks.

21.     Defendant was expressly aware of the work performed by Plaintiff, and in fact instructed and directed Plaintiff to perform much (if not all) of this work, but nevertheless required Plaintiff to continue working without receiving proper overtime compensation during the relevant period.

22.     Defendant never paid Plaintiff overtime wages even if she worked more than forty (40) hours in a work week.

## COUNT I – FEDERAL OVERTIME WAGE VIOLATIONS

23.     Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 22 as though set forth fully herein.

24.     Plaintiff alleges this action pursuant to the Fair Labor Standards Act ("FLSA"), *29 U.S.C. § 216(b)*.

25.     During all times material hereto, Plaintiff was a non-exempt employee who was eligible for overtime wages when she worked in excess of forty (40) hours per week.

26.     During the time period relevant to this lawsuit, during one or more workweek, Plaintiff regularly worked in excess of forty (40) hours per week.

27.     However, during one or more workweeks, Defendant failed to properly compensate Plaintiff at a rate of one-half her regular hourly rate for hours worked over forty (40) per week as required under the FLSA.

28.     Further, Defendant regularly paid Plaintiff a weekly flat fee salary that was subject to reduction based on the quantity and/or quality of work. This flat salary was paid even when Plaintiff worked over forty (40) hours per week.

29.     Plaintiff is entitled to recover statutorily prescribed overtime wages at the applicable half-time overtime wage rate for all hours worked in excess of forty (40) per week.

30.     However, Defendants intentionally and/or willfully violated the FLSA or were reckless and/or indifferent as to their compliance with federal overtime law. Plaintiff is therefore entitled to liquidated (double) damages under federal law.

31.     Accordingly, Plaintiff is entitled to recover damages for federal overtime wage violations during her employment period.

32.     As a direct and proximate result of Defendants' conduct, Plaintiff has been damaged in an amount to be proven at trial, including, but not limited to, a sum equivalent to the unpaid overtime compensation as required by *29 U.S.C. § 216(b)*, plus liquidated damages, and any such further damages as may be shown at the time of trial.

33.     Plaintiff has been required to retain the undersigned law firm to prosecute her claims and is therefore entitled to recover attorney's fees and costs under the FLSA.

WHEREFORE, Plaintiff, MALLELA CELIS ESCOBAR LAPORTA respectfully requests that this Honorable Court enter judgment in her favor and against Defendant, BISCAYNE NAILS & SPA, INC., and award Plaintiff: (a) overtime wages; (b) liquidated damages; (c) all reasonable attorney's fees and litigation costs as permitted under the FLSA; and any and all such further relief as this Court may deem just and equitable under the circumstances.

### **DEMAND FOR JURY TRIAL**

Plaintiff, MALLELA CELIS ESCOBAR LAPORTA, hereby requests and demands a trial by jury on all appropriate claims.

**Dated this 9th day of March 2022.**

Respectfully Submitted,

**USA EMPLOYMENT LAWYERS-
JORDAN RICHARDS, PLLC**
1800 SE 10th Ave. Suite 205
Fort Lauderdale, Florida 33316
Ph: (954) 871-0050
*Counsel for Plaintiff*

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372
DAVID NUDEL, ESQUIRE
Florida Bar No. 1003678
*Jordan@jordanrichardspllc.com*
*David@usaemploymentlawyers.com*

6

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF on March 9, 2022.

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372

## SERVICE LIST: